UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAWN LEAMON, | § | |
|     *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-10-0253 |
| | § | |
| KBR, INC., *ET AL.*, | § | |
|     *Defendants*. | § | |

## ORDER

This matter is before the court on KBR, Inc.'s (KBR)[1] motion to compel (Dkt. 30). The motion is granted in part and denied in part.[2]

**Background**

Dawn Leamon alleges that she was raped in February 2008 by KBR and military personnel while working as a medic at a United States Army base in Iraq. She filed this suit on January 27, 2010 against KBR and others seeking compensation for her past and future medical expenses (including medical monitoring), physical impairment, pain and suffering, mental anguish (including fear of future disease), and lost earnings.

KBR served interrogatories and requests for production on Leamon on June 10, 2010. Leamon served objections and responses on July 27, 2010. KBR contends that Leamon still has not adequately responded to interrogatory 12 and document requests 7, 17, 20, and 21. The court will take each in turn.

---

[1] There are numerous defendants in this case. Only KBR, Inc. has served discovery on plaintiff, but it is pursuing discovery and this motion on behalf of all defendants. *See* motion, n.1.

[2] The district court referred the motion to this Magistrate Judge for resolution (Dkt. 31).

**Analysis**

    1.    **Interrogatory 12 and Request 17.**

KBR's interrogatory 12 asked Leamon to identify, and describe the services performed by, all her medical and mental health care providers for the last fifteen years. Request 17 sought related documents and an authorization for the release of medical records.

In response, Leamon identified her primary care physician since 1995 and two providers from whom she sought treatment related to the sexual assault,[3] but she objected that the interrogatory was too broad in both subject matter and temporal scope and was an invasion of her privacy.[4]

The subject matter of interrogatory 12 is extremely broad. KBR's request expressly or potentially includes social workers, chiropractors, dermatologists, dentists, eye doctors, massage therapists, pharmacists, and pharmacies. There is no doubt Leamon has put her physical and mental health in issue in this case and must comply with reasonable discovery requests on such issues. But it would be nearly impossible for anyone to comply fully with the request as written, and it is likely to uncover far more irrelevant than relevant material. Surely KBR is not interested in reviewing records for every flu shot Leamon has received in the last 15 years. "The scope of discovery into the sensitive area of private medical

---

[3]    Leamon's motion response implies that these are her only providers, but her interrogatory response is not clear. *See* response, at 13 ("Plaintiff identified the medical providers who have treated her since 1995, and specifically identified those who have treated her for symptoms related to her sexual assault.").

[4]    *See* motion, exs. 1 and 2, for the complete interrogatory, request, and responses.

information 'should be limited and confined to that information that is essential to a fair trial.'" *Cappetta v. GC Serv. Ltd. Partnership*, 266 F.R.D. 121, 126 (E.D. Va. 2009) (quoting *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 224 (D.N.J. 2000)).

The temporal scope of interrogatory 12 is also extensive. Because Leamon is seeking a wide range of damages, KBR is entitled to discover medical information. But fifteen years is a long time – too long under the circumstances. The temporal scope of discovery must be broad enough to allow the parties to find evidence but not so broad as to be overly burdensome. *See Paananen v. Cellco Partnership*, No. C08-1042RSM, 2009 WL 3327227 (W.D. Wash. Oct. 8, 2009). While there is no hard and fast rule, a 5-year discovery period is ordinarily sufficient. *Id.*

For these reasons, Leamon must identity all mental health care providers since January 2005. Leamon also must identify all medical health care providers, including hospitals or clinics, that have provided ob/gyn services or services related to sexually transmitted diseases or conditions, since January 2005, as well as those from whom she sought services or treatment as a result of the alleged assault.[5] She is also ordered to sign an authorization for the release of her records from the identified providers to KBR.[6]

---

[5] This addresses KRB's concern about Leamon's failure to identify the hospital at which she sought treatment after the alleged assault. *See* motion, at 4 n.2.

[6] Leamon's confidential medical records are covered by the protective order in this case (Dkt. 27).

3

### 2. Request for Production 7

KBR wants Leamon to provide authorizations for the release of personnel records from all her employers since 1995. Leamon objects that this request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.[7]

The court agrees with Leamon that this request is beyond the scope of permissible discovery. KBR argues that the information is relevant to her claim for lost future earning capacity. But her earning capacity 15 years ago has little relevance to her future earning capacity as of 2008. KBR will be able to adequately defend this case with employment records from approximately 5 years before this suit was filed.[8] The motion to compel Leamon to comply with request 7 is granted, but request 7 is limited to the period January 2005 to present.[9]

### 3. Requests 20 and 21

KBR and Leamon both requested the Army to produce a copy of the Criminal Investigation Command (CID) file for its investigation of Leamon's allegations.[10] KBR also sent a document request to Leamon asking her to sign an authorization for release of the file

---

[7] The complete request and response is exhibit 3 to the motion.

[8] Of course, if any testifying expert relies on earlier records, such records must be produced.

[9] Leamon's confidential employment records are covered by the protective order in this case (Dkt. 27).

[10] Leamon requested the file through a Privacy Act and Freedom of Information Act request; KBR filed a request pursuant to the Touhy regulation, Army Regulation (AR( 27049, Chapter 7. The Army does not object to release of the file, subject to the court's protective order (Dkt. 27).

4

to KBR (request 20), as well as a request for Leamon to produce all documents that she has related to the CID investigation (request 21).

Leamon objected to the simultaneous production of the CID file to her and KBR. Because KBR seized Leamon's computer for evidence after she made her allegations, it is her belief that confidential communications between Leamon and her lawyer may be in the file. KBR contends that because all the documents contained in the CID file were either produced to or by the Army, a third party, none of them can possibly be privileged.

The Army produced the file to the court for *in camera* review, and the parties filed briefs explaining their positions.[11] Because the CID file is in the court's possession, and its production will be governed by the court's order, there is no need to compel Leamon to execute an authorization or Privacy Act release. Request 20 is moot.

The court has conducted an *in camera* review of the entire CID file provided by the Army. The file contains no documents protected by the attorney-client privilege. The information is extremely sensitive, and must be covered by the parties' protective order. However, the court finds that simultaneous production of the file is appropriate.

This leaves KBR's motion to compel production of documents in response to request 21. The fact that documents in Leamon's possession may be duplicative of those contained in the CID file does not make the request inappropriate. This request does not seek any

---

[11]  *See* Dkt. 41.

Case 4:10-cv-00253 Document 57 Filed on 11/09/10 in TXSD Page 6 of 6

privileged documents, because it is limited to communications between Leamon (or her attorneys on her behalf) and CID or other law enforcement authorities.

### 4. Request for Costs and Fees

The court denies KBR's request for costs and fees incurred in making this motion. Leamon's objections were substantially justified, and there is no indication that Leamon has engaged in a pattern of discovery abuse. The court exercises its discretion under Federal Rule of Civil Procedure 37(a)(5)(A) to deny KBR's request.

## Conclusion

For the reasons discussed above, KBR's motion (Dkt. 30) is granted in part and denied in part. Leamon is ordered to produce the information and documents compelled above within 14 days of entry of this Order.

By copy of this Order, the clerk will inform the U.S. Army, through Lieutenant Colonel Samuel W. Morris, Chief, General Litigation Branch, that the file is to be produced promptly to counsel for Leamon and KBR.

All information produced by Leamon in compliance with this Order will be governed by the agreed protective order governing this case (Dkt. 27).

Signed at Houston, Texas on November 9, 2010.

Stephen Wm Smith
United States Magistrate Judge