UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAWN LEAMON, | § | |
|     *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-10-0253 |
| | § | |
| KBR, INC., *ET AL.*, | § | |
|     *Defendants*. | § | |

## ORDER

Pending before the court is plaintiff's motion to compel production of witness statements contained in KBR internal investigative files created pursuant to its Code of Business Conduct (COBC), and revision of KBR's privilege log (Dkt. 138). Having considered the parties' submissions and argument at a hearing on November 7, 2011, the court grants plaintiff's motion in large part.

### A.    COBC Investigation Files

The COBC files at issue here involve two investigations, the first relating specifically to plaintiff's alleged sexual assault, and the second relating to other violations of General Order 1 (a U.S. military order governing conduct in the theater of operations) and various KBR policies regarding things such as alcohol use, non-fraternization with military personnel, and sexual relationships between employees. KBR has asserted attorney-client and work product privileges for the entirety of both COBC investigation files.

Texas law governs application of the attorney-client privilege in this diversity case. *In re Avantel, S.A.*, 343 F.3d 311, 323 (5th Cir. 2003). The elements of the attorney-privilege in Texas, as reflected in Texas Rule of Civil Evidence 503(b), are "(1) a confidential communication; (2) made for the purpose of facilitating the rendition of professional legal services; (3) between or amongst the client, lawyer and their representatives; and (4) the privilege has not been waived." *Electronic Data Sys. Corp. v. Steingraber*, No. 4:02cv225, 2003 WL 21653414 *2 (E.D. Tex. July 9, 2003) (citing *Huie v. DeShazo*, 922 S.W.2d 920, 923 (Tex. 1996)). The party resisting discovery bears the burden of proving the privilege. *Huie*, 922 S.W.2d at 926. The attorney-client privilege protects only confidential communications, not underlying facts. *Upjohn Co. v. U.S.*, 449 U.S. 383, 397 (1981); *Electronic Data Sys. Corp.*, 2003 WL 21653414 *2.

The application of the work product doctrine to the documents at issue is governed by Federal Rule of Civil Procedure 26(b)(3). "Like the attorney-client privilege, the work product doctrine insulates a lawyers research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from opposing counsel's inquiries . . .. Work product only protects documents produced by or for an attorney preparing for litigation." *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991) (internal citations omitted). Litigation need not be

2

imminent, "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981).

The COBC contains specific corporate policies adopted by the KBR Board that "relate to the legal and ethical standards of conduct of Directors, Employees and agents of the Company."[1] It is designed to deter wrongdoing and promote: (1) honest and ethical conduct; (2) full, fair, accurate, timely and understandable disclosure to the SEC; (3) compliance with applicable laws; (4) prompt internal reporting of violations to appropriate persons; and (5) accountability.[2] If KBR receives information regarding a violation of the COBC, authorized persons conduct an investigation to

    (a) evaluate such information as to gravity and credibility;

    (b) initiate an informal inquiry or a formal investigation with respect thereto;

    (c) prepare a report of the results of such inquiry or investigation, including recommendations as to the disposition of such matter;

    (d) make the results of such inquiry or investigation available to the Board of Directors or the Policy Committee for action (including disciplinary action by the Policy Committee); and

---

[1]     KBR Code of Business Conduct, plaintiff's exhibit G, at 7.

[2]     *Id.*

>(e) recommend changes in the Code of Business Conduct necessary or desirable to prevent further similar violations.[3]

KBR contends that COBC investigations are conducted by the legal department, but the COBC itself does not mandate that. KBR further contends that the investigations are always conducted in anticipation of litigation, but again the COBC does not mention that purpose.

KBR has not met its burden to show that either attorney-client privilege or the work product doctrine protects these witness statements from discovery. The witness statements are not communications to a lawyer for the purpose of securing legal advice. They are simply statements of underlying facts known to the particular witness. *See Hunkin v. Cooper/T. Smith Stevedoring Co., Inc.*, No. 08-456, 2010 WL 93856 *6 n.5 (W.D. La. Jan. 7, 2010) ("merely having an attorney take a witness statement is not necessarily sufficient, in and of itself (as counsel appears to imply) to give to attorney-client privilege . . ."). The statements do not become privileged simply because they are attached to another communication that is privileged. *See Upjohn*, 449 U.S. at 395-96 (a party cannot conceal a fact merely by communicating it to a lawyer).

The court further concludes that the witness statements were not obtained by investigators for the *primary* purpose of preparing for litigation. The investigations

---

[3]    *Id.* at 10.

were conducted in the ordinary course of business. Indeed, the policy itself contemplates that such investigations will be conducted whenever an allegation comes to light, without mention of whether the allegation is deemed likely to result in litigation. Moreover, even if KBR employees anticipated from the inception of the investigation that Leamon's sexual assault allegation could result in litigation, the same cannot be said for the second file relating to the investigation of other COBC violations at Camp Harper.

In any event, work product protection is not absolute. A party may overcome work product protection for documents like witness statements, which do not reveal the mental impressions of attorneys, by showing a substantial need for the materials and that the party cannot obtain the substantial equivalent by other means without undue hardship. FED. R. CIV. P. 26(b)(3). The statements in question are presumably relevant, because they are among responsive documents for which defendants have claimed a privilege, and no relevancy objection has been lodged. Moreover, there is reason to believe that the investigations of Leamon's claim and the more general investigation of other infractions have some overlap because many of the same people are involved and the time frames are similar. Most significant, the statements were taken over 3 years ago, and memories have likely faded. *See Southern Ry. Co. v. Lantham*, 403 F.2d 119, 128 and n.8 (5th Cir. 1968) ("statements taken from the

5

witnesses shortly after the accident constitute 'unique catalysts in the search for truth'" and may justify production of witness statements (discussing FED. R. CIV. P. 34)); *Smith v. Diamond Offshore Drilling, Inc.*, 168 F.R.D. 582, 584-85 (plaintiff had substantial need for witness statements given the lapse of time). For these reasons, the court finds that production of the witness statements contained in the COBC investigative files is necessary.[4]

### B.  Revision of the Privilege Log

Plaintiff seeks revision of KBR's privilege log in several ways. Plaintiff asks first that KBR list the title and/or position of each individual identified named in a document, and second to identify whether any individual is an attorney. KBR has agreed to provide the titles and/or positions of the attorneys listed on the privilege log. The court orders KBR to comply with its agreement. KBR is further ordered to identify the title and/or position, or if not known at least the employer, of each individual identified on the log.

Plaintiff next asks the court to order KBR to identify the client for each document identified as attorney-client privileged. This request is denied at this time. Identification of the title and/or position of named individuals as ordered above should be sufficient for this purpose.

---

[4] The court is not ruling at this time as to the privileged status of any other documents contained in the COBC file.

Plaintiff also seeks to compel KBR to identify each email for which a privilege claim is asserted, instead of listing one entry for an email chain. The motion is granted to the extent that any email in the chain is sent to or from different persons. In other words, if each email within a chain is between the same senders and recipients, the chain may be listed in one entry. Otherwise, each component email must be listed separately.

Plaintiff further requests that, for every entry on the log consisting of a compilation of documents, the entry should contain a description of each document sufficient to support the privilege claim. The court agrees. For instance, with regard to the COBC investigative files discussed above, the description must be modified to identify the documents in the file. If a document has attachments, the entry must separately identify each attachment.

Finally, plaintiff asks the court to order KBR to provide more detailed factual description for every document claimed to be privileged. The court declines to issue such a blanket order at this time. The prior instructions regarding identifying individuals, separating email chains, and identifying all documents contained in a larger compilation should provide enough information for plaintiff to assess the privilege claim. In the event that plaintiff wishes to challenge the adequacy of a

particular description on the privilege log, she may seek court intervention after a good faith effort to resolve the dispute with the other side.

**C.      Conclusion and Order**

Plaintiff's motion to compel (Dkt. 138) is granted to the extent described above. It is

ORDERED that within 5 days of entry of this order KBR shall produce the witness statements contained within the files identified on its privilege log as KBR-PRIV00001-143 and KBR-PRIV00393. It is further

ORDERED that within 21 days of entry of this order KBR shall serve a revised privilege log in accordance with this order.

Signed at Houston, Texas, on November 10, 2011.

Stephen Wm Smith
United States Magistrate Judge